# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV539-1-T
## (1:05CR273)

| | |
|---|---|
| DAVID HOWARD HUGHES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed December 1, 2008, and his request for an evidentiary hearing and motion for appointment of counsel. For the reasons stated herein, Petitioner's request for a hearing and motion for appointment of counsel are denied, and his motion to vacate is likewise denied.

## I. PROCEDURAL HISTORY

On December 5, 2005, Petitioner was charged with two counts of unlawfully possessing firearms by a convicted felon in violation of 18

U.S.C. § 922(g)(1).  **Bill of Indictment, filed December 5, 2005.**  After initially entering not guilty pleas at his arraignment, the Petitioner subsequently changed his pleas to guilty.  On February 27, 2006, Petitioner appeared with counsel before the Magistrate Judge to enter his guilty pleas.  During the Rule 11 hearing, the Court engaged Petitioner in its standard, lengthy colloquy and Petitioner entered his guilty pleas without the benefit of a plea agreement.  **Rule 11 Inquiry and Order of Acceptance of Unwritten Plea, filed February 27, 2006.**

Thereafter, Petitioner filed a motion to withdraw his guilty pleas along with a motion to suppress.  **Motion to Withdraw Guilty Plea, filed December 18, 2006; Motion to Suppress, filed December 26, 2006.**  At a hearing held December 27, 2006, the Court granted Petitioner's motion to withdraw his guilty pleas, granted his motion to suppress as to Count One and dismissed that charge, and denied his motion to suppress as to Count Two.  **Order, filed December 29, 2006.**  On January 4, 2007, the Petitioner entered into a written plea agreement with the Government wherein he agreed to plead guilty to the remaining count in the indictment.[1]

---

[1] Petitioner argues the fact that he withdrew his guilty plea and reentered it a week later supports his assertion that his counsel was ineffective.  Petitioner overlooks the fact that his original guilty plea was

**Plea Agreement, filed January 4, 2007.** On January 5, 2007, the Petitioner and his attorney again appeared before the Magistrate Judge for a Rule 11 hearing, at which time he entered his guilty plea to Count Two pursuant to the terms of the plea agreement. **Rule 11 Inquiry and Order of Acceptance of Plea, filed January 5, 2007.** On April 4, 2007, this Court sentenced Petitioner to 188 months imprisonment. **Judgment of Conviction in a Criminal Case, filed April 20, 2007**. Petitioner timely filed notice of appeal. **Notice of Appeal, filed April 22, 2007.** On November 28, 2007, the United States Court of Appeals for the Fourth Circuit affirmed this Court's denial of the motion to suppress as to Count Two, and Petitioner's conviction and sentence. **United States v. Hughes**, **255 F. App'x 740 (4th Cir. 2007).** Petitioner did not petition the Supreme Court for a writ of *certiorari.*

On December 1, 2008, Petitioner timely filed his motion to vacate, arguing that he received ineffective assistance of counsel; that 18 U.S.C. § 3231 is unconstitutional; and that this Court should reconsider the denial of his motion to suppress.

---

entered without the benefit of a written plea agreement while his subsequent guilty plea was pursuant to a negotiated plea agreement.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. **Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.** In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion. *Id.* Following such directive, the Court, having reviewed the record of criminal proceedings herein, enters summary dismissal for the reasons stated below, and Petitioner's request for an evidentiary hearing is denied.

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner contends he received ineffective assistance of counsel in several respects. In order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of

reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. **Strickland v. Washington, 466 U.S. 668, 687-91 (1984)**. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. **Id. at 689**; **Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992)**. Petitioner bears the burden of proving *Strickland* prejudice. **Id. at 1297.** If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." **Id. at 1290.**

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. **Hill v. Lockhart, 474 U.S. 52, 53-59 (1985).** In order to establish the requisite prejudice in doing so, the petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." **Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).** This determination is an objective one based on whether going to trial might reasonably have resulted in a different outcome. **Hill, 474 U.S. at 59-60.**

Petitioner alleges that his trial counsel was ineffective because she told him that the armed career criminal enhancement would not apply to him; therefore, he believed that the maximum possible sentence he faced was 120 months. Petitioner asserts that had he known "of the [armed career criminal] enhancement or the possibility that he faced 180 months in prison, he would have proceeded to trial." **Petitioner's Brief and Memorandum in Support of § 2255 Motion, filed December 1, 2008, at 12.**

At a minimum, Petitioner's claim fails because he cannot establish that he was prejudiced. The record supports the conclusion that Petitioner was aware of the possibility that he could be sentenced to a term of imprisonment greater than ten years. Petitioner's plea agreement, which he signed, contained a specific provision which stated that he could be subject to a maximum sentence of life imprisonment if it was determined that he had three previous convictions for violent felonies or serious drug offenses, *i.e.*, an armed career criminal. **Plea Agreement, ¶ 2.** Petitioner's plea agreement also stated that the "defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, *including defense counsel*, of the likely sentence is a

prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count." *Id.* ¶ 4 (emphasis added). At his plea hearing conducted in January 2007,[2] Petitioner was specifically informed, and he stated under oath that he understood, that if he had three prior convictions for violent felonies or serious drug offenses, he would be subject to a minimum term of 180 months imprisonment. **Transcript of Plea and Rule 11 Proceedings, filed July 16, 2007, at 8-9 (THE COURT: "Do you fully understand the charges against you, including these maximum and minimum penalties?" THE DEFENDANT: "Yes.").** Petitioner also stated under oath that his guilty plea was not the result of any promises other than those contained in the plea agreement. *Id.* at 12-13 **(THE COURT: "Is your plea of guilty voluntary and not the result of any coercions, threats or promises, other than those contained in the written plea agreement?"**

---

[2] In reaching a decision on this claim, the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) **(representations made by a defendant at a plea hearing, as well as any findings made by the court, constitute a formidable barrier in any subsequent collateral proceeding);** *see also United States v. DeFusco*, 949 F.2d 114,119 (4th Cir. 1991) **(statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).**

**THE DEFENDANT: "Yes.")**. Therefore, even if Petitioner's counsel advised him that he would not be classified as an armed career criminal as he alleges, Petitioner cannot show that he was prejudiced based upon this record as highlighted above.

Moreover, the Court notes that Petitioner's claim that he would have proceeded to trial if he had known he could be considered an armed career criminal rings hollow. Not only does the record support a conclusion that Petitioner was aware of the fact that he could receive a sentence in excess of ten years, his conduct at sentencing also supports the conclusion that he was fully aware of the possible sentence he faced and that he would not have gone to trial. At sentencing, counsel argued that even though Petitioner had the prior felony convictions, he did not deserve a sentence in excess of 180 months. **Transcript of Sentencing Hearing, filed July 16, 2007, at 3-4 ("There were six breaking and entering, but if you look at the dates in which they occurred, they occurred pretty much in that two-month period. They were on separate dates but there were no intervening arrests. . . . I would ask the Court to take that into consideration and sentence him to 180 months.").** Immediately after counsel's exchange with the Court, the Petitioner was afforded the

opportunity to address the Court. If Petitioner was surprised by counsel's argument to the Court that he was being considered for a sentence at or in excess of 180 months, he did not advise the Court. Instead, Petitioner addressed the Court, apologized for his conduct, and asked the Court for "as light a sentence as you can." *Id*. **at 5.** Petitioner's reaction at sentencing contradicts his present allegations that he was unaware of the armed career criminal enhancement.

Petitioner also asserts that he was not, in fact, an armed career criminal and that his counsel was ineffective for not challenging this determination. Petitioner argues that his criminal history included "only minor breaking and entering offense." **Petitioner's Brief,** *supra***, at 8.**

A review of Petitioner's criminal history reveals this argument to be without merit. As noted in his presentence report, Petitioner had six prior felony breaking and entering convictions that were each committed on "'occasions different from one another.'" **Presentence Investigation Report, revised February 19, 2007, ¶ 33 (quoting 18 U.S.C. § 924(e)(1)).** Petitioner provides no specific argument as to why he should not be classified as an armed career criminal. Because Petitioner was properly

classified as such, he cannot establish that he was prejudiced by his counsel's failure to challenge this classification.

Petitioner also alleges that his counsel was ineffective for failing to raise the issue of his competency to plead guilty. **Petitioner's Brief, *supra,* at 10-12.** Petitioner bases his alleged incompetency solely upon his limited educational background – his formal education ended at eighth grade. *Id*. Petitioner asserts that his incompetency should lead to a conclusion that his plea was not voluntary. *Id*. Limited education alone is insufficient to establish incompetency.[3] Moreover, a review of the record as a whole supports the conclusion that Petitioner's plea was indeed voluntary. As such, Petitioner's counsel was not ineffective for failing to raise this issue.

Petitioner also alleges his counsel was ineffective for failing to "advise him of a potential affirmative defense to the crime charged." *Id.*

---

[3] Interestingly, Petitioner asserts in his affidavit that it was he who discovered and brought to his counsel's attention the relevant case law that precipitated the dismissal of Count One. **Hughes Affidavit, ¶ ¶ 7, 9 (referring to *Georgia v. Randolph*, 547 U.S. 103 (2006)).** If the Court accepts as true the Petitioner's allegations that it was he, not his attorney, who discovered the relevance of *Georgia* to his case, then the Court cannot find Petitioner possessed such limited mental ability that he was unable to understand the charges, potential penalties and consequences of his guilty plea.

**at 13.** Petitioner alleges he told his trial counsel that he had a "limited knowledge of the weapons presence," but that trial counsel advised him that because he was a convicted felon, "the law allowed no defenses." *Id*. In his affidavit, Petitioner asserts that had his girlfriend been called to testify she would have stated that the gun at issue belonged to her and that Petitioner had no knowledge of its existence. **Hughes Affidavit, ¶ 11.** To the extent this is the affirmative defense to which Petitioner was referring, such statement is insufficient. A petitioner does not meet this burden by merely alleging what another person would have testified to if called as a witness. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Therefore, at a minimum, Petitioner has failed to carry his burden of establishing that he was prejudiced.

Petitioner also alleges that his counsel was ineffective for failing to "foresee the release of Georgia v. Randolph." **Petitioner's Brief, *supra*, at 14.** Counsel's failure to predict a change in the law does not constitute ineffective assistance of counsel. *See United States v. McNamara*, 74

F.3d 514, 516 (4th Cir. 1996) ("[A]n attorney's failure to anticipate a new rule of law [is] not constitutionally deficient."). Moreover, Petitioner was not prejudiced by his counsel's failure to foresee the ruling in *Georgia* due to the fact that he was allowed to withdraw his guilty pleas and at least one count of the indictment was dismissed by the Court based upon the change in the law.

Because the Petitioner has failed to show that he was prejudiced in any way by the actions of trial counsel, the second prong of *Strickland* need not be addressed.

**B.  Title 18 U.S.C. § 3231 is constitutional**

Petitioner alleges that this Court lacked jurisdiction to adjudicate his case because 18 U.S.C. § 3231 is unconstitutional. **Petitioner's Brief, *supra*, at 18.** This argument has been presented to numerous courts all of which have rejected this claim. *See Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 966-67 (W.D. Mo. 2008) (noting that this claim is part of "a new rash of frivolous claims raised by prisoners across the country" and listing numerous circuit and district courts

**that have rejected this claim)**. This Court joins the numerous courts that have already rejected this claim as frivolous.

### C. Reconsideration of denial of motion to suppress

On December 29, 2006, a suppression hearing was held in Petitioner's criminal case. Testimony was heard from several witnesses and this Court made a credibility determination that credited the testimony of Officer Winslow over another witness. Petitioner asserts that since that time Officer Winslow has been discharged from the Sheriff's Department for, among other things, falsifying reports. **Petitioner's Brief,** *supra***, at 37.** Petitioner states that due to these subsequent events, this Court "has a moral imperative to act," that is, to revisit this issue. *Id*.

Petitioner challenged this Court's denial of his motion to suppress on appeal and the Fourth Circuit upheld the Court's credibility determinations and ruling. *Hughes*, **255 F. App'x at 741.**

> We find no clear error in the district court's determination that Deputy Winslow's testimony was more credible than that of Hughes' brother, or in its finding that the officer's testimony was a "correct recitation of the events" surrounding the search of Hughes' residence. There is no evidence that the district court failed to apply the proper standard of proof in considering Hughes' motion to suppress, or that it failed to consider all the evidence presented to it during the suppression hearing.

*Id*. Even if Petitioner's allegations are taken as true, Petitioner provides no specifics with regard to his particular case. Merely because an officer is accused/convicted of falsifying a report in one criminal case does not, without more, require courts to open up all prior criminal cases involving that officer. Petitioner's claim is denied.

**D.     Motion for appointment of counsel**

Petitioner also requests the appointment of counsel to assist him in litigating the complex issues presented by his case. There is no constitutional right to counsel for post-conviction proceedings pursuant to 28 U.S.C. § 2255; therefore, the motion will be denied. ***Crowe v. United States*, 175 F.2d 799 (4th Cir. 1949).**

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion for appointment of counsel and request for an evidentiary hearing are **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is dismissed by way of Judgment filed herewith.

Signed: January 15, 2009

Lacy H. Thornburg
United States District Judge